JOHN L. SCHNORR and VERA I. SCHNORR, his wife, *Appellants*, vs. GEORGE EDGECOMB and MARJORIE EDGECOMB, his wife, and ROBERT JOHNSON, *Appellees*.

137 So. 5.

Division A.

Opinion filed October 17, 1931.

*G. H. Martin,* for Appellants;
*Roach & Hoyl,* for Appellees.

PER CURIAM.—In this case it appears from the record that Robert Johnson filed a bill of complaint against George Edgecomb and Marjorie Edgecomb, his wife, and John L. Schnorr and Vera I. Schnorr, his wife, to foreclose a mortgage made and executed by Edgecomb and wife to Johnson.

It appears that after the execution of the mortgage which was for $776.00, dated October 11, 1929, and due, according to the tenor and effect of two certain notes, one maturing July 30, 1930, for the sum of $300.00 and the other due July 30, 1931, for the sum of $476.00, with interest at the rate of 5% per annum, Schnorr and wife purchased the lands described in the mortgage at a sheriff's sale which was under execution and issued upon a judgment against the defendant George Edgecomb, the sheriff's deed being dated August 4, 1930.

It further appears that immediately after the purchase of the property by the Schnorrs they ascertained from the record the existence of this mortgage and thereupon during the month of August, 1930, before the mortgage and notes had been placed in the hands of an attorney for collection, they caused their attorney to go to Johnson and there tender and offer to pay him the full amount of the notes and mortgage with interest, and on September 9th, 1930, the attorney for Schnorr, according to the

testimony of Johnson himself, offered to pay the full amount of the notes and mortgage and Johnson then and there told the attorney that he would not receive the money until he had consulted Edgecomb about the matter. The record further shows that immediately after this Johnson placed the mortgage and notes in the hands of his attorneys for collection and that the Schnorr's attorney offered to pay them the full amount of the indebtedness evidenced by the notes and mortgage; that they refused to accept the payment without also the payment of attorneys' fees.

The undisputed evidence is that on the 9th day of September, 1930, the appellants, through their attorney, tendered to Robert Johnson, the complainant, a sufficient sum in cash to pay the full amount of the notes with interest and to fully satisfy the mortgage as of that date.

The record shows that the foreclosure of the mortgage insofar as the Schnorrs are concerned was entirely unnecessary. The Schnorrs having acquired title to the property subject to a prior mortgage, had the legal right to pay off and discharge that mortgage.

For the reasons above stated, the decree of foreclosure should be reversed, with directions that a decree be entered cancelling the mortgage upon the payment by the Schnorrs to the Clerk of the Court for the use of the complainant the principal of the notes together with interest from date thereon to September 9, 1930, at the rate of 5% per annum, and that all costs be taxed against the complainant. It is so ordered.

Reversed.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.